# Daniel Szalkiewicz & Associates

23 West 73rd Street  
Suite 102  
New York, NY 10023

T: (212) 706-1007  
F: (646) 849-0033  
lawdss.com

January 3, 2024

**Via ECF**
Hon. Anne Y. Shield, U.S.M.J.
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

*Re:     Voe v. Does 1-9, 1:20-cv-05737 (EDNY) (AYS)*

Dear Magistrate Judge Shields,

      Our firm represents Plaintiff in the above-referenced matter and submits this letter to inform this court that Plaintiff's diligence has finally paid off, with subpoena responses producing the names of the once-anonymous individuals responsible for illegally recording Plaintiff, accessing his computer through a phishing link, and posting his intimate content online. We file this status report pursuant to this court's December 20, 2023 order and to request additional time to serve the complaint.

      F.R.C.P. 4(m) "requires a plaintiff to serve its summons and complaint on all defendants within 120 days of filing the complaint. The Court may extend the time to serve based upon a showing of good cause or may, in its discretion, extend the time even in the absence of good cause" (Brown v Pomponio, 2012 US Dist LEXIS 4233, at *2 [SDNY Jan. 12, 2012]). The court in Brown elaborated, stating that "[g]ood cause is 'generally found only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond its control'" (Id.). New York's courts routinely grant extensions of time to plaintiffs who are attempting to use the legal process to unmask anonymous users, holding an "inability to identify [Defendant] constitutes 'good cause' under Rule 4(m) for the requested extension" (Strike 3 Holdings, LLC v Doe, 2023 US Dist LEXIS 63390, at *7 [WDNY Apr. 11, 2023, No. 1:22-CV-00858 EAW] see also Strike 3 Holdings, LLC v Doe, 2021 US Dist LEXIS 27836, at *20 [EDNY Feb. 12, 2021])). The court in Burris, opined that a "review of the record reveals that from the very beginning of this litigation, Plaintiff furnished all of the particulars about [defendant's] identity that Plaintiff had in his possession…" but was unable to determine his true name or serve him which was enough "to constitute good cause under Rule 4(m)" (Burris v Nassau County DA, 2023 US Dist LEXIS 181121, at *17 [EDNY Sep. 30, 2023, No. 14-CV-5540 (PKC) (ARL)]).

      At the time Plaintiff filed his Complaint, he pleaded that John Does 1-9 were "various persons unknown to Plaintiff who, working individually or collectively, engaged in a scheme to fraudulently obtain and gain unauthorized access to Plaintiff's computer and personal images and later post such images on pornographic websites without Plaintiff's consent" (Doc. 1). Plaintiff immediately filed a Motion for Discovery (Doc. 7), which was partially granted. Additional motion practice ensued, as well as additional requests for So Ordered subpoenas.

DS & A

January 3, 2024
Page 2

---

  More specifically, because Defendants used an anonymous handle to upload the content, Plaintiff was unaware of their true names.  A subpoena response from Pornhub identified multiple I.P. addresses tied to the offending account, a great many of which originated from VPNs – Virtual Private Networks – which are secure and virtually untraceable as well as one from Charter Communications Inc. ("Spectrum").  Also included in the Pornhub response was the name and email address of one of the defendants.  The "billerName" on the account was "Rocketgate[.]"  Plaintiff subpoenaed Rocketgate and Spectrum for additional information.  Thankfully, the subscriber records associated with the Spectrum I.P. address proved useful, identifying the second defendant by his true name and address.

  With this information, we were able to determine that the defendants, who appear to be father and son, were the individuals responsible for gaining access to Plaintiff's computer, computer camera, and files; recording him without his permission or consent; attempting to extort him with the captured videos; and then uploading the content on various online forums when Plaintiff did not pay the amount being demanded.  Defendants engaged in this conduct while hiding behind a screen thousands of miles away from Plaintiff.  They have now been conclusively identified and they should be made to answer for their conduct.  All documents that we have received to date can be provided to the court to review *in camera*, if necessary.

  Although the court has permitted Plaintiff to proceed as "Victor Voe[,]" there has been no formal court order entered on the docket.  We are filing with this letter an order to show cause to seal the docket and permit plaintiff to proceed as Victor Voe.  Likewise, Plaintiff requests an additional sixty-day period to serve Defendants for good cause shown.

            Respectfully submitted,

            DANIEL SZALKIEWICZ & ASSOCIATES, P.C.
            */s/ Daniel S. Szalkiewicz*

            By: Daniel S. Szalkiewicz, Esq.
            **daniel@lawdss.com**