Daniel S. Szalkiewicz, Esq.
DANIEL SZALKIEWICZ & ASSOCIATES, P.C.
23 WEST 73RD STREET
SUITE 102
NEW YORK, NEW YORK 10023
*Attorneys for the Plaintiff Victor Voe*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| VICTOR VOE, <br><br> Plaintiff, <br><br> v. <br><br> JOHN DOES 1-9, <br><br> Defendants. | Case No. 20-cv-5737 |

**DECLARATION OF PLAINTIFF**

I, Victor Voe, being of full age, hereby declare:

1. I am the Plaintiff in the above-captioned case. I submit this Declaration in support of my request to proceed under the pseudonym "Victor Voe[.]"

2. When Defendants gained remote access to my computer, recorded me engaging in sexual conduct, attempted to extort me using that video, and then shared it with the public, they robbed me of my privacy and security.

3. Initially, it's important to consider what Defendants had access to when they engaged in this conduct.

4. Between e-mail, social media, and other messaging programs, Defendants may have had access to my private conversations with friends, family, and colleagues, medical records, banking information, contact lists, pictures of me and others, my calendar, and more. Defendants have demonstrated that they stalked and accessed this information because they

1

posted and continued to post content pulled from my social media accounts and my friends' social media accounts as well and have included images of my then-employer in their harassment of me.

5. Considering the computer and the files themselves, that list expands to every photo I had taken since approximately 2011. Off the top of my head, I had photographed – naively for my own safekeeping – my passport, license, medical records, and the occasional password. Add to this screenshots of receipts, banking information, and other sensitive information, plus images of every major life event that had happened to me, pictures of friends, family, and minors. It's overwhelming to think about.

6. Lastly, Defendants recorded me without permission. Even though I doubted it myself when they first told me, I now know this to be true because, when refused to pay their ransom demand, they uploaded a video of me engaging in a sexual act onto the internet.

7. While it is true that in this modern world, it's typical for one's old passwords to be floating around the dark web or to learn that your social security number was compromised in a data leak, that's not what happened to me.

8. Instead, I had the distinct misfortune of crossing paths with Defendants who targeted me, gathered all this information about me, attempted to blackmail me with it, and then actually posted an intimate video of me online. Worse yet, one image that was posted alongside the video included the name of my previous employer and footage of me. These details and other information posted in the video and images made it easy for complete strangers to find me. And that's exactly how I learned of what Defendants had done – someone saw the video and images, did a little research, found me, and told me.

9. Who knows how many other people viewed the content, recognized me or were otherwise able to identify me, and said nothing. Who knows what other information Defendants uploaded that I simply have not yet found.

**Factors Warranting My Request**

10. My attorneys have informed me that courts are hesitant to allow plaintiffs to proceed under a pseudonym. I believe my situation warrants deviation from standard practice.

11. First, as indicated above, this litigation involves highly sensitive matters which are of a personal nature. Defendants have already shared a video of me masturbating with the world, including along with the video the name of my employer and thus the means to locate me. The video was captured, recorded, and then disseminated without my permission or consent. It was a complete invasion of my privacy and has been deeply traumatic for me.

12. Second, forcing me to proceed using my true name will give the Defendants exactly what they wanted: my public humiliation. I have worked so hard and spent a significant amount of money to remove from the internet the intimate video and many images they posted. If made to reveal my true identity, I would likely need to abandon the lawsuit. Defendants' actions have already caused me immense mental anguish, permanently changing my relationship with technology and putting me in a constant state of distrust and fear about what is online about me. I cannot begin to estimate how many hours I have invested into protecting myself online, and the pain I would experience if that was undone by this lawsuit would be insurmountable. As importantly, however, I would also feel deep grief if I was not able to pursue a case against my harassers.

13. Third, as indicated above, the injury litigated against would be incurred as a result of me being made to disclose my name. Just as Defendants wanted, my name would be forever linked to their bad acts, forever transforming my reputation. As a result, Defendants' victimization of me would follow me for the rest of my life, and potential employers, future in-laws, and one day my children would all know about and potentially be able to gain access to video of me engaging in a sexual act. Unlike the porn sites which Defendants primarily used to publicly humiliate and harass me, PACER is a legitimate website which would be nearly impossible to suppress from my Google search results. Indeed, Defendants could realistically use PACER to forever link my name to the video and drive more traffic to the nonconsensual pornography. As a result, I would be in a worse position than when I started.

14. Fourth, while I may not be a minor, I remain in what I hope to be the first half of a happy and prosperous life. My profession is one that relies on trustworthiness and a good reputation and my potential for success will be severely hampered if one of the first search results for my name is this lawsuit and/or the video Defendants captured and disseminated without my consent.

15. Fifth, this lawsuit is not challenging governmental acts. It is challenging the acts of two men who hid behind a computer screen to collect intimate details of my life which they could use to extort me and who then weaponized that content when I refused to be extorted.

16. Sixth, Defendants will not be prejudiced by allowing me to proceed anonymously. With the access they had to my computer, they know more about me than most of my family does. Conversely, I will be prejudiced if I am made to proceed using my real name as I will be forced to litigate under the direct threat that Defendants will use this docket to further harm me.

17. Seventh, I have done everything in my power to keep my identity confidential, despite Defendants' best efforts. Unfortunately, because the allegations of my Complaint are what most people consider salacious, this lawsuit has already made its way to the press. However, because I am named as Victor Voe and because the entire point of this lawsuit is to protect and defend my reputation and anonymity, I did not and do not intend to speak to the press about what happened to me.

18. Eighth, the public gains nothing by knowing my true identity. I am not a public figure, I am not in a position of real power, I am not involved with the government. Conversely, I stand to lose everything if I am made to reveal myself.

19. Ninth, removing the scandalous details, this really is a purely legal matter for which I should, as a private person, be able to receive justice without needing to be revictimized. More so, the public knowing my name will not prevent the victimization of others, though it might discourage others from pursuing cases against their abusers.

20. Tenth, while this Court could and should seal this docket to prevent it from being used as a weapon by Defendants, sealing alone is not an alternative mechanism to protect my identity as Defendants have demonstrated their ability to inflict maximum humiliation and damage through their online postings.

**Conclusion**

21. It is clear Defendants wish to ruin my reputation by way of widespread public humiliation and have no qualms with breaking laws or lying to accomplish that.

22. Being forced to proceed using my true name would be devastating.

23. I did not know I was being watched by Defendants, much less recorded by them while I was engaging in a sexual act. I certainly did not expect Defendants to then blackmail me with the video and distribute it and other content when I refused to make the demanded payment.

24. I have real reason to fear that if my name is included in the pleadings, Defendants will take the opportunity to upload additional private content about me and/or promote the content I have worked so hard and paid so much to have scrubbed and suppressed online.

25. I respectfully ask for this court's assistance in allowing me to hold onto some parts of my private life without inextricably and publicly linking my name to Defendants' heinous acts.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: January 3, 2024

                                                                                   V.V.
                                                                               Victor Voe