Daniel S. Szalkiewicz, Esq.
DANIEL SZALKIEWICZ & ASSOCIATES, P.C.
23 West 73rd Street, Suite 102
New York, New York 10023

Attorneys for the Plaintiff VICTOR VOE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| VICTOR VOE,<br><br>            Plaintiff,<br><br>    v.<br><br>JOHN DOES 1-9,<br><br>            Defendants. | Case No. 20-cv-5737 |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT
OF HIS MOTION TO PROCEED UNDER PSEUDONYM**

Plaintiff VICTOR VOE ("Plaintiff" or "Voe") by and through his attorneys, Daniel Szalkiewicz & Associates, P.C. respectfully submits this memorandum of law in support of his application for leave to proceed under a pseudonym in this matter.

## PRELIMINARY STATEMENT

Plaintiff brought this after he was unwillingly stripped of his privacy by defendants, John Does 1-9 ("Defendants") when they obtained remote access to his computer, captured recordings of him masturbating, threatened to disseminate the video if he did not pay their ransom, and then did actually disseminate the content when he refused.

Since that day, Plaintiff has lived each day with a deep fear of what else Defendants were able to access on his computer which they could also share with the world – his private communications with third parties, banking information, employment details – the possibilities were and continue to be endless. And now that Plaintiff has finally identified the individuals responsible for this life-changing event, the only thing serving as an impediment to justice is his deep and justified fear that they will use this docket to further humiliate him in the eyes of the public, his employer, his friends, and his family. Indeed, as Plaintiff's Complaint detailed, Defendants have previously attempted to leverage their knowledge of Plaintiff's place of employment for money, and in one video they uploaded even included information about Plaintiff's personal and professional life spliced into the intimate content.

The stigma and severe harm that Plaintiff would face as a result of the public disclosure of his identity in conjunction with the traumatic and humiliating circumstances of the harassment caused by Defendants requires that Plaintiff be permitted to proceed anonymously. Simply put, if Plaintiff is required to reveal his name and Defendants are allowed to upload the intimate

2

content and other sensitive material they had access to onto the docket, Defendants would be able to continue to publicly harass Plaintiff and gain an unfair litigation advantage. Defendants have previously weaponized the private materials they accessed on Plaintiff's computer and this Court should not allow this public docket to host future abuses by Defendants. Given the resulting lack of prejudice to Defendants, this Court should grant Plaintiff's motion.

## FACTUAL BACKGROUND

For the sake of brevity, Plaintiff will not repeat the allegations of his Complaint; rather, he provides the following facts relevant to this application, and respectfully directs the Court to his filed Complaint for a full recitation of his claims.

## ARGUMENT

### I. PLAINTIFF SHOULD BE PERMITTED TO PROCEED UNDER A PSEUDONYM

Initially, while 15 U.S.C. § 6851 had not yet become law when the facts alleged in the Complaint took place, the described acts would have otherwise satisfied all the elements of the new cause of action, which specifically allows for a plaintiff to proceed anonymously. Specifically, 15 U.S.C. § 6851(b)(3)(B) states "[i]n ordering relief under subparagraph (A), the court may grant injunctive relief maintaining the confidentiality of a plaintiff using a pseudonym." Subparagraph (A) of the statute permits a court to issue a temporary restraining order to restrict the distribution of intimate media. Though Plaintiff's Complaint cannot include the federal statute against the dissemination of nonconsensual pornography, Count IV is the state law against the same. While perhaps not written into the law Plaintiff is proceeding under, the logic which caused Congress to provide anonymity for victims of nonconsensual pornography to pursue lawsuits under the federal law supports allowing Plaintiff to proceed anonymously here as

3

well.

Additionally, while Federal Rule of Civil Procedure ("FRCP") 10(a) generally requires parties to a lawsuit to expressly identify themselves in their respective pleadings, New York courts "have nevertheless 'carved out a limited number of exceptions to the general requirement of disclosure [of the names of the parties], which permit plaintiffs to proceed anonymously" (Sealed Plaintiff v Sealed Defendant #1, 537 F3d 185, 189 [2d Cir 2008]).  In Sealed Plaintiff, the Second Court of Appeals endorsed the Ninth Circuit's balancing test, specifically stating that "a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs (1) prejudice to the opposing party and (2) the public's interest in knowing the party's identity." (Id.).  The Second Circuit Court of Appeals further elaborated that "several factors" should be considered, including the following "non-exhaustive" list:

> 1. whether the litigation involves matters that are 'highly sensitive and of a personal nature[;]'
> 2. whether identification poses a risk of retaliatory physical or mental harm to the…party [seeking to proceed anonymously] or even more critically, to innocent non-parties
> 3. whether identification presents other harms and the likely severity of those harms…including whether 'the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity,'
> 4. whether the plaintiff is particularly vulnerable to the possible harms of disclosure… particularly in light of his age…
> 5. whether the suit is challenging the actions of the government or that of private parties,
> 6. whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court…
> 7. whether the plaintiff's identity has thus far been kept confidential…
> 8. whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity…
> 9. 'whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the

>litigants' identities,'; and
>10. whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.
>(Id. at 190, citations omitted).

There can be no doubt that these factors weigh in favor of allowing Plaintiff to proceed using the pseudonym Victor Voe.

First, this litigation involves video of Plaintiff engaging in sexually explicit conduct. Plaintiff's uncovered genitals are visible in the content, making it highly sensitive and personal in nature. As egregiously – because Defendants gained access to this content through recording it and a phishing link and/or otherwise obtaining remote access to Plaintiff's computer, Defendants are likely in possession of other sensitive information about Plaintiff including, but not limited to, his passwords, banking information, social security number, private conversations, and other intimate content of Plaintiff and perhaps others. Second, further dissemination of the content – which Defendants have already published without Plaintiff's permission or consent – and public linking of Plaintiff's name to Defendants' bad acts poses a mental harm to Plaintiff and is needlessly revictimizing. Third, Defendants' goal was to cause Plaintiff maximum humiliation; should Plaintiff be forced to proceed using his true name, this Court will only be assisting Defendants in reaching that goal. Fourth, while Plaintiff is not underage, he is still a relatively young man with a career that relies on trustworthiness and which may be impacted if Defendants use this lawsuit as a means to more widely disseminate the intimate content and/or sensitive details about Plaintiff's personal and professional life they may have been able to access on his computer. Fifth, the suit is challenging the private actions of Defendants and has no relation to government action. Sixth, Defendants are very aware of Plaintiff's true identity as they gained access to his computer, from which they were able to determine Plaintiff's name, employer, and other sensitive and identifying information about him. Seventh, to date,

Plaintiff's identity has been confidential.  Any public filing made by Plaintiff has used a pseudonym.  Plaintiff has not made any public statements regarding the embarrassment and harm caused by Defendants, despite the NYPost, without Plaintiff's involvement or cooperation, running a story on the lawsuit. Plaintiff's name is not known to the public at large and he leads a private life.  Eighth, as all parties are private individuals, there is little public interest in the litigation.  Ninth, the issues involved, while salacious, are legal in nature.  Tenth, Plaintiff is not aware of any other mechanism to protect his reputation and confidentiality that would also enable him to obtain justice against the individuals who robbed him of his privacy.

  Plaintiff should be permitted to continue to use a pseudonym and should be allowed to litigate with some comfort that Defendants will not post his intimate content or other identifying information about him onto the docket to undermine an order permitting him to proceed using a pseudonym.  Accordingly, Plaintiff further seeks sealing of the docket.

## II. SEALING THE DOCKET IS NECESSARY

Due to the seemingly endless amount of sensitive information concerning Plaintiff possessed by Defendants and their demonstrated desire to harm him using it, Plaintiff requests that the docket be sealed to prevent further injury.  The Second Circuit's "'three step inquiry' for sealing documents'" entails (1) determining "whether the records at issue are 'judicial documents[;]'" (2) if the documents are judicial documents, "the weight of the presumption in favor of public access" and (3) balancing "competing considerations against" the presumption of open access to court records, with "countervailing factors" including "the privacy interests of those resisting disclosure" (Dabiri v Fedn. of States Med. Bds. of United States, Inc., 2023 US Dist LEXIS 94994, at *4 [EDNY May 31, 2023, No. 08-CV-4718(EK)]).

6

"Courts frequently recognize the privacy interest in protecting 'the identity of a sexual assault victim' as 'an important and recognized basis to limit public access' to judicial documents" and "assign especially heavy weight to innocent third parties' privacy interests" (Doe v Gooding, 2021 US Dist LEXIS 141877, at *7-8 [SDNY July 29, 2021, No. 20-cv-06569 (PAC)]).

Here, Plaintiff's privacy interests, as well as those of the wholly uninvolved third parties whose communications Defendants may possess outweigh giving Defendants a new public forum for their sensitive stolen content. More so, Plaintiff's identity as a sexual assault victim should not be overlooked in this matter as Defendants did not just gain access to the data on his computer, but also the camera, allowing them to nonconsensually surveil and record him engaging in sexual conduct – sexual conduct which they then shared with the world when Plaintiff did not give them the money they demanded.

Respectfully, Plaintiff's counsel has witnessed repeated violations of court orders concerning anonymity which have severely harmed those the orders were designed to protect. When this happens – either intentionally or unintentionally – and Plaintiff's true name gets publicly linked to the proceedings, the damage can sometimes be irreversible due to the existence of websites which aggregate court filings. Even close monitoring of the docket can be useless when documents can be uploaded after hours or on weekends, leaving Plaintiff without recourse until court reopens. In those situations – which happen more often that one can imagine – holding Defendant in contempt does nothing to restore Plaintiff's privacy. Allowing this case to proceed unsealed against Defendants who engage in and, in fact, monetize threatening to make private information public, it is absolutely imperative that the case be sealed otherwise Plaintiff will be a metaphorical sitting duck, waiting for Defendants to reveal another intimate image,

7

private moment, or secret they found when they remotely ransacked his computer.  Forcing Plaintiff to proceed in this manner would be an enormous injustice to the privacy interests of a sexual assault victim and for that reason, the case should be sealed as it is the only way to reduce the currently immense possibility for abuse and provide Plaintiff with some peace of mind that pursuing justice will not result in his revictimization.

### III.  NOTIFICATION OF THE REQUESTED RELIEF CAUSES HARM TO PLAINTIFF

Plaintiff intends to proceed with this action by filing an amended complaint and then serve the Defendants.  However, Plaintiff is in fear that if the Defendants are first served with a copy of the papers prior to an injunction being in place, they will continue their illegal conduct of publicly disclosing the stolen material online and harassing Plaintiff.

As can be seen from the foregoing, Plaintiff has no adequate remedy at law and am entitled to a restraining order and a preliminary injunction.

Dated: January 3, 2024

                                                    Respectfully submitted,

                                                    Daniel S. Szalkiewicz, Esq.
**Daniel Szalkiewicz & Associates, P.C.**
Daniel S. Szalkiewicz, Esq.
23 West 73rd Street, Suite 102
New York, New York 10023
(212) 706-1007
daniel@lawdss.com

Attorneys for Plaintiff Victor Voe

8