# ELLIS GEORGE LLP

Ellis George LLP
Carnegie Hall Tower
152 West 57th Street, 28th Floor
New York, NY 10019

Stephen P. Farrelly
212.413.2610
sfarrelly@ellisgeorge.com

March 27, 2024

**VIA CM/ECF**

The Honorable Ramon E. Reyes, Jr.
United States District Court Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Voe v. Does*, Case No. 20-cv-5737-RER-AYS
      Defendants' Request for a Pre-Motion Conference

Dear Judge Reyes:

We represent Defendants Wayne Yamamoto and Dylan Yamamoto in the above-captioned matter. We submit this letter pursuant to Section IV.A.2 of the Court's Individual Practice Rules to request a pre-motion conference to file a motion to dismiss the First Amended Complaint ("***FAC***") under Fed. R. Civ. P. Rules 12(b)(2) and 12(b)(6).

This case concerns allegations that nine years ago an anonymous group of people recorded an online sexual encounter with the Plaintiff without permission and posted those recordings to various pornographic websites. Relying on vague and untimely allegations, the FAC asserts claims for: (1) violations of the Computer Fraud and Abuse Act ("***CFAA***"), 18 U.S.C. 1030, (2) fraud, (3) intentional infliction of emotional distress ("***IIED***"), and (4) violations of New York Civil Rights Law Sec. 52-b. All claims should be dismissed as untimely and for lack of personal jurisdiction.

***All claims are untimely***. The FAC alleges that Defendants recorded Plaintiff without his permission in 2015, and that they then posted private images and videos online until August 2020, when Plaintiff first discovered the images and videos. FAC ¶¶ 17, 21. The FAC was not filed until January 31, 2024, nine years after the alleged incident and nearly three and a half years after Plaintiff allegedly discovered the videos and images online. Consequently, the FAC was filed beyond the statute of limitations for:

(1) CFAA claims, which is two years from date of discovery, 18 U.S.C. § 1030(g);

(2) fraud, which is two years from discovery or six years from the fraud, which the FAC alleges took place in 2015, FAC ¶¶ 9, 32-34, N.Y. C.P.L.R. § 213(8);

(3) IIED, which is one year from when conduct ceases, N.Y. C.P.L.R. § 215(3), *Rentas v. Ruffin*, 816 F.3d 214, 226 (2d Cir. 2016); and

ELLIS GEORGE LLP

The Honorable Ramon E. Reyes, Jr.
March 27, 2024
Page 2

> (4) claims under New York Civil Rights Law § 52-b, which is <u>one year</u> from discovery or <u>three years</u> from publication of the image, *id*. § 52-b(6).

Consequently, unless the FAC relates back to the filing of the Complaint, all claims against Defendants are untimely.

***The FAC does not relate back to the filing of the Complaint***. The FAC amends the original pleading to replace two John Doe defendants with the Yamamotos and add some new allegations against Defendants. *Compare* FAC ¶¶ 18-22 *with* Compl. ¶¶ 17-19. However, the Second Circuit has held that an amended complaint does not relate back to filing of a complaint under Fed. R. Civ. P. Rule 15(c)(1)(C) where plaintiff does not know the identity of the defendants at the time of the filing of the complaint. *Sewell v. Bernardin*, 795 F.3d 337, 342 (2d Cir. 2015) ("The plaintiff does have the option of initiating a lawsuit against a Jane or John Doe defendant, but she must still discover the hacker's identity within [the applicable statute of limitations] to avoid dismissal. This is because we have concluded 'that Rule 15(c) does not allow an amended complaint adding new defendants to relate back if the newly-added defendants were not named originally because the plaintiff did not know their identities.'" (internal citation omitted).).

Additionally, the claims do not relate back under Fed. R. Civ. P. Rule 15(c)(1)(A), because the applicable statute of limitations for each claim does not allow for relation back. Specifically, CFAA does not contain any provision allowing for claims to relate back. 18 U.S.C.S. § 1030(g). There is also no relation back for the fraud and IIED claims under N.Y. C.P.L.R. § 1024, because there is no allegation or indication that Defendants knew or had reason to know that a lawsuit had been filed against them. *Cotto v. City of N.Y.*, 803 F. App'x 500, 503 (2d Cir. 2020) ("[T]here is no evidence in the record that [Defendant] had any knowledge that he was the 'John Doe' officer indicated in [the] initial complaint or that he knew or should have known that the lawsuit should have been brought against him . . . . Because [Plaintiff] has not shown that [Defendant] knew or should have known about the lawsuit and that he was the intended defendant, she cannot use Fed. R. Civ. P. 15(c)(1)(A), through CPLR § 1024, to render her complaint timely as against [Defendant]."). Finally, New York Civil Rights Law § 52-b also does not allow for relation back. Consequently, all claims against Defendants are untimely.

***The Court lacks personal jurisdiction over Defendants under New York's Long Arm Statute***. None of the provisions of N.Y. C.P.L.R. § 302(a) confer personal jurisdiction to the Court over Defendants, who are domiciled in Hawaiʻi and have never been to the State of New York. **First**, N.Y. C.P.L.R. § 302(a)(1) does not apply, because the FAC does not allege that Defendants have transacted any business or supplied any goods or services within the state. *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 250 (2d Cir. 2007) ("The posting of defamatory material on a website accessible in New York does not, without more, constitute transacting business in New York for the purposes of New York's long-arm statute." (cleaned up)). **Second**, N.Y. C.P.L.R. § 302(a)(2)

ELLIS GEORGE LLP

The Honorable Ramon E. Reyes, Jr.
March 27, 2024
Page 3

does not confer jurisdiction to this Court either, because the FAC does not allege that Defendants were physically present within the State of New York when they allegedly committed the tortious conduct. *Bensusan Rest. Corp. v. King*, 126 F.3d 25, 29 (2d Cir. 1997) (where tortious acts were performed by persons physically present outside of New York, "[e]ven if [Plaintiff] suffered injury in New York, that does not establish a tortious act in the state of New York within the meaning of § 302(a)(2)."); *Emerald Asset Advisors, LLC v. Schaffer*, 895 F. Supp. 2d 418, 430 (E.D.N.Y. 2012) ("[P]ersonal jurisdiction arises under [C.P.L.R. § 302(a)(2)] only pursuant to actions taken while physically within New York State."). **Third**, N.Y. C.P.L.R. § 302(a)(3) does not apply because there are no allegations that Defendants engage in business or other persistent course of conduct within the state, or derive substantial revenue from interstate or international commerce. **Fourth**, N.Y. C.P.L.R. § 302(a)(3) is also inapposite in that there are no allegations that Defendants own or use any real property within the State of New York. Therefore, this Court lacks jurisdiction over Defendants under N.Y. C.P.L.R. § 302.

***Exercising personal jurisdiction over Defendants would violate due process.*** Even if the New York Long Arm statute conferred this Court with jurisdiction, which it does not, exercising personal jurisdiction over Defendants would violate their due process rights. There is no basis for general personal jurisdiction over Defendants as they are not domiciled in New York. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011) ("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile."). There is also no specific personal jurisdiction, because the FAC does not allege that Defendants purposefully directed their activities at the State of New York. *O'Neill v. Asat Tr. Reg.* (In re Terrorist Attacks on September 11, 2001 (Asat Tr. Reg.)), 714 F.3d 659, 674 (2d Cir. 2013) ("Specific personal jurisdiction properly exists where the defendant took intentional, and allegedly tortious, actions expressly aimed at the forum. . . . The fact that harm in the forum is foreseeable, however, is insufficient for the purpose of establishing specific personal jurisdiction over a defendant." (cleaned up)). Here, there are no allegations that Defendants actions were expressly aimed or directed at New York. Under such circumstances, the Court also lacks specific personal jurisdiction over Defendants. *Walden v. Fiore*, 571 U.S. 277, 291 (2014) ("The proper focus of the 'minimum contacts' inquiry in intentional-tort cases is the relationship among the defendant, the forum, and the litigation. And it is the defendant, not the plaintiff or third parties, who must create contacts with the forum State. In this case, the application of those principles is clear: Petitioner's relevant conduct occurred entirely in Georgia, and the mere fact that his conduct affected plaintiffs with connections to the forum State does not suffice to authorize jurisdiction.").

ELLIS GEORGE LLP

The Honorable Ramon E. Reyes, Jr.
March 27, 2024
Page 4

      For these reasons, Defendants ask that the Court grant their request for a pre-motion conference or, in the alternative, set a briefing schedule for the anticipated motion to dismiss.

      Respectfully submitted,

      s/Stephen P. Farrelly
      Stephen P. Farrelly

      Mateo Caballero (*pro hac vice*)
      Caballero Law LLLC
      P.O. Box 235052
      Honolulu, Hawaiʻi 96823
      (808) 600-4749
      mateo@caballero.law

      *Attorneys for Defendants Wayne Yamamoto and Dylan Yamamoto*

cc:    Counsel of record (via CM/ECF)