# Daniel Szalkiewicz & Associates

23 West 73rd Street
Suite 102
New York, NY 10023

T: (212) 706-1007
F: (646) 849-0033
lawdss.com

April 12, 2024

**Via ECF**
Hon. Ramon E. Reyes, Jr.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

*Re:     Voe v. Does 1-9, 1:20-cv-05737 RER-AYS*

Dear Judge Reyes,

Our firm represents Plaintiff in the above-referenced matter and submits this letter to oppose Defendants' letter seeking a pre-motion conference to file a motion to dismiss. Defendants' letter motion should be denied on the merits and as premature, given discovery is necessary on the issues of both notice and jurisdiction.

Defendants' initial argument about the timeliness of Plaintiff's claims use the filing of Plaintiff's First Amended Complaint ("FAC"), as opposed to the filing of Plaintiff's Complaint, in their statute of limitations calculations. "If a complaint is amended to include an additional defendant after the statute of limitations has run, the amended complaint is not time barred if it 'relates back' to a timely filed complaint" and when "an amended complaint [is] adding a new party [it] will 'relate back' to the filing of the original complaint for statute of limitations purposes only if certain conditions are met. VKK Corp. v. NFL, 244 F.3d 114, 128 (2d Cir. 2001); see also Kornegay v New York, 2010 US Dist LEXIS 110570, at *5 (WDNY Sep. 28, 2010). Such conditions include the amendment asserting "a claim or defense that arose out of the conduct, transaction, or occurrence set out-or attempted to be set out-in the original pleading" as well as if "the amendment changes the party or nam[es] the party against whom a claim is asserted . . . ." *Id.* Where, as here, the plaintiff can show good cause for failure to serve within 90 days after the complaint is filed and "the party to be brought in by amendment: received such notice of the action that it will not be prejudiced" and "knew or should have known that the action would have been brought against it." *Id.* Plaintiff's Complaint was filed a mere months after he learned that Defendants had disseminated his intimate content online and, accordingly, he is within all applicable statutes of limitations.

Defendants argue that because they were successful in hiding their identities for so long, they should have no responsibility or liability for their actions. Defendants premise this argument incorrectly on the assumption that Rule 15(c)(1)(A) does not permit relation back. Rule 15(c)(1)(A), however, instructs courts to look to the entire body of limitations law and because several claims derive from state law, the New York Civil Practice Law and Rules ("CPLR"), specifically, N.Y. C.P.L.R. § 1024, applies in this case. *See e.g.*, Hogan v Fischer, 738 F3d 509, 518 (2d Cir. 2013). This provision allows substitution of John Doe defendants for named defendants nunc pro tunc based on a "liberal standard" that plaintiff exercised due diligence to

Daniel Szalkiewicz & Associates, P.C.

DS & A

April 13, 2024
Page 2

_____

identify the defendants prior to the statute of limitations expiring.  Thomas v. Town of Lloyd,
U.S. Dist. LEXIS 5712, at *1 (N.D.N.Y. Jan. 11, 2024).  The docket in this matter reflects
Plaintiff's diligent and continued efforts to identify the Yamamotos' as the persons who were
attempting to destroy his life.

Critically, Defendants were "fairly apprise[d]" they were the "intended defendant[s]" when they
began receiving notice from Pornhub and their Internet service provider (i.e., their own cable
company) that Plaintiff had subpoenaed their information in connection with this lawsuit.  See
McClain v. Gelormino, 2021 U.S. Dist. LEXIS 187898, at *31 (N.D.N.Y. Sep. 30, 2021).
Indeed, the Supreme Court in Krupski held that relation back under Rule 15(c)(1)(C) depends on
what the party to be added knew or should have known, not on the amending party's knowledge
or its timeliness in seeking to amend the pleading."  Krupski v Costa Crociere S. p. A., 560 US
538, 541 (2010).

Defendants' claim that this Court does not have personal jurisdiction over them, the FAC and
Plaintiff's January 3, 2024 Certification both support this court's ability to exercise long-arm
personal jurisdiction.  Pursuant to CPLR §302(a)(3), a court may exercise personal jurisdiction
over a non-domiciliary who "commits a tortious act without the state causing injury to person or
property within the state . . . if he expects or should reasonably expect the act to have
consequences in the state and derives substantial revenue from interstate or international
commerce."  Defendants are alleged to be engaged in the sextortion business and extorted
Plaintiff, a citizen of New York, causing foreseeable injury within this state.  As sextortionists,
their money comes from wherever their latest victim lives and, thus, they derive substantial
revenue from interstate or international commerce.  Pornhub produced a list of other videos
Defendants uploaded, indicating the likely existence of sextortion victims in two other states.[1]
Plaintiff was still uploading videos and images to at least one Pornhub account between July
2018 through at least May 2020 and accessing the account long after.

Defendants' claim that exercising personal jurisdiction over Defendants would violate due
process is similarly meritless.  Defendants – sextortionists – purposefully availed themselves of
the privilege of doing business in New York – i.e., recording a citizen of New York engaging in
sexual acts without consent and then extorting that victim for money on the threat of
dissemination of sextortion videos.  It would be farcical to claim that Defendants, based on their
alleged actions, could not foresee being hauled into court in New York for their actions.

As Plaintiff noted in his Certification dated January 3, 2024, Defendants inserted the name of
Plaintiff's then-employer and footage of him relating to that employment. Defendants' inclusion

_____

[1] Names include "Young straight jock cums[,]" "Straight guy shows his huge cock[,]" "Straight muscle guy cums[,]"
"Straight guy thought I was a girl and jacks off[,]" "Snapchat leak nude[,]" "Verbal Straight Guy Tricked on
Omegle[,]" "Ohio boy cums for me[,]" "Straight Hawaiian Asian Boy Catfished[,]" and "Straight Fratboy calls me a
faggot and watches me finger myself[.]"

DS & A

April 13, 2024
Page 3

_____

of these identifying details is exactly how a third party was able to identify Plaintiff as the individual in an intimate video and notify him of same.

Finally, by alleging that Defendants accessed Plaintiff's computer while he was in New York, a similar argument can be made that the Defendants were "commit[ing] a tortious act within the state" pursuant to CPLR 302(2).

Despite this conduct, should Defendants continue to allege that they did not transact business or receive notice of this action, Plaintiff respectfully suggests that pre-motion discovery is necessary to establish the operative facts. Plaintiff would request the ability to conduct limited third party discovery of the notice issue with Defendants' Internet Service Provider and Pornhub.

For these reasons and others which Plaintiff anticipates exploring in greater detail in opposition to Defendants' motion, Plaintiff objects to Defendants' anticipated motion to dismiss.

Respectfully submitted,

DANIEL SZALKIEWICZ & ASSOCIATES, P.C.
*/s/ Daniel S. Szalkiewicz*

By: Daniel S. Szalkiewicz, Esq.
**daniel@lawdss.com**