

P.O. Box 235052. Honolulu, HI 96823
tel: (808) 600-4749 email: office@caballero.law

August 30, 2024

**VIA CM/ECF**

The Honorable Ramon E. Reyes, Jr.
United States District Court Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:    *Voe v. Does*, Case No. 20-cv-5737-RER-AYS
        Defendants' Proposed Briefing Schedule

Dear Judge Reyes:

      We represent Defendants Wayne Yamamoto and Dylan Yamamoto in the above-captioned matter. We submit this letter pursuant to this Court's scheduling order entered on August 21, 2024, providing that the parties file a joint briefing schedule by September 3, 2024.

      While the parties were unable to agree upon a briefing schedule, Defendants propose that the motion to dismiss be due on September 20, 2024, with the opposition due by October 21, 2024, and the reply due on November 4, 2024.

      Counsel for Defendants reached out to counsel for Plaintiff with this same proposed briefing schedule on August 14, 2024. Counsel for Defendants followed up about such schedule on August 19, 2024, but did not hear back from counsel for Plaintiff until August 29, 2024, over two weeks after Defendants sent their proposed schedule.

      Plaintiff's proposed schedule would allow Plaintiff to once again amend their First Amended Complaint in lieu of filing an opposition to the motion to dismiss by October 21, 2024. However, since Plaintiff already amended the complaint once as a matter of course [ECF 17] under Fed. R. Civ. P. Rule 15 (a)(1)(B), such amendment requires either consent of the Defendants (which they will not provide) or a motion to amend under Fed. R. Civ. P. Rule 15(a)(2), which Defendants would oppose on the basis, among others, of undue delay and prejudice. *In re Crazy Eddie Sec. Litig.*, 792 F. Supp. 197, 203-04 (E.D.N.Y. 1992) ("Plaintiffs were not entitled to amend the Second Complaint as of right under Federal Rule of Civil Procedure 15, because they already so amended once by filing the Second Complaint which repleaded certain claims with leave of the court but also added new defendants and expanded the class period . . . . Undue delay and undue prejudice to the opposing parties are justifying reasons to deny leave to amend."); *Chevron Corp. v. Donziger*, 886 F. Supp. 2d 235, 275 (S.D.N.Y. 2012) ("Where that time period has elapsed, amendments may be made only if the opposing party consents or the Court grants leave.").

Re: *Voe v. Does*, Case No. 20-cv-5737-RER-AYS
August 30, 2024
Page 2 of 2

  On August 30, 2024, counsel for Defendants promptly responded to counsel for Plaintiff explaining that Plaintiff would need to file a motion to amend if Plaintiff wanted to amend the First Amended Complaint and proposing again the same briefing schedule described above. Counsel for Plaintiff responded without explanation that such schedule did not work for them and that the Court would need to address this matter.

  Accordingly, Defendants respectfully request that the Court set the briefing schedule proposed by Defendants and not allow Plaintiff an opportunity to amend without "the opposing party's written consent or the court's leave" as required by Fed. R. Civ. P. Rule 15(a)(2).
.

              Respectfully submitted,

              /s/ Mateo Caballero
              Mateo Caballero
              Counsel for Defendants Wayne Yamamoto and
              Dylan Yamamoto

cc: Counsel of record (via electronic filing)