# Daniel Szalkiewicz & Associates

23 West 73rd Street  
Suite 102  
New York, NY 10023

T: (212) 706-1007  
F: (646) 849-0033  
lawdss.com

September 3, 2024

<u>**Via ECF**</u>  
Hon. Ramon E. Reyes, Jr.  
United States District Court  
Eastern District of New York  
225 Cadman Plaza East  
Brooklyn, New York 11201

*Re:*  *Voe v. Does 1-9,*  
*1:20-cv-05737 (EDNY) (AYS)*

Dear Judge Reyes,

Our firm represents Plaintiff in the above-referenced matter. I write regarding the court's scheduling order. Respectfully, last week Defendants' attorneys took it upon themselves to write and file a letter to this court in violation of the August 21, 2024 order. On Thursday, August 29, 2024, I sent to Defendants' counsel a proposed briefing schedule which included a timeframe for Plaintiff filing an Amended Complaint. More specifically, our proposed schedule to Defendants was as follows:

1. Motion to Dismiss to be filed on or before September 20, 2024;
2. Plaintiff to file an Amended Complaint or Oppose Motion to Dismiss on or before October 21, 2024;
3. If an Amended Complaint is filed, Defendants to respond to Amended Complaint on or before November 12, 2024;
4. If Defendants file a Motion to Dismiss, opposition to be filed on or before December 10 and Reply by December 20.

In response, Defendants took the hard-lined approach and stated, in sum and substance, that we would need to file a motion to file an Amended Complaint. Mr. Caballero's e-mail then stated "Please let me know if this works for you and we will draft the joint mediation report." When I indicated it did not work and that I wished to address it with the Court, Mr. Caballero simply uploaded his own letter asking the Court to ignore Plaintiff's request.

Plaintiff filed his amended complaint unmasking the Yamamotos on January 31, 2024. Summons were issued on February 8, 2024 and the Yamamotos were served on February 14, 2024. The sole reason Plaintiff needed to file his First Amended Complaint was the Yamamotos engaged in an elaborate scheme to extort Plaintiff using anonymous accounts and VPNs. Had they originally disclosed their true identities, Plaintiff would not have been required to use his Rule 15(a)(1)(B) amendment as a matter of course. Amendments to pleadings, especially in response to the filing of a motion to dismiss are routinely provided in scheduling orders. By preventing Plaintiff from amending as a matter of right, the Court would essentially be rewarding Defendants' malfeasance to the Plaintiff's detriment. Defendants' arguments and case law are inapplicable as there is no undue delay in requesting to amend the complaint a second time to

DS & A

September 3, 2024
Page 2

---

include additional substantive arguments, especially since Defendants have not even answered or moved.

It is respectfully requested that this Court provide Plaintiff with the ability to amend as a matter of right prior to responding to Defendants' motion to dismiss.

Thank you very much in advance for your consideration.

    Respectfully submitted,

    DANIEL SZALKIEWICZ & ASSOCIATES, P.C.
    */s/ Daniel S. Szalkiewicz*

    By: Daniel S. Szalkiewicz, Esq.
    ***daniel@lawdss.com***