# EXHIBIT 1

Daniel S. Szalkiewicz, Esq. (DS2323)
DANIEL SZALKIEWICZ & ASSOCIATES, P.C.
23 WEST 73RD STREET
SUITE 102
NEW YORK, NEW YORK 10023
*Attorneys for Plaintiff Victor Voe*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **VICTOR VOE,**<br><br>     Plaintiff,<br><br> – against –<br><br>**JOHN DOES 1–9,**<br><br>     Defendants. | Civil Action No. 20-cv-5737<br><br>**FIRST AMENDED COMPLAINT** |

  Plaintiff Victor Voe, by and through his attorneys, Blackstone Law Group LLP, for his Complaint against Defendants John Does 1–9, alleges as follows:

**NATURE OF THE ACTION**

1. Plaintiff seeks injunctive relief and damages arising out of Defendants' fraudulent and unauthorized access to explicit sexual videos of Plaintiff that were later posted to several pornographic websites, including, Pornhub, iPornTV, and XVideos. Defendants, who remain unknown to Plaintiff, demanded payment from Plaintiff in exchange for not making these videos public. When Plaintiff refused, the videos were posted on the Web by Defendants.

2. This lawsuit asserts claims for (a) cyber fraud and abuse pursuant to The Computer Fraud and Abuse Act, 18 U.S.C.A. § 1030; (b) fraud; (c) intentional infliction of emotional distress; and (d) unlawful dissemination or publication of an intimate image in violation of New York Civil Rights Law Ch. 5, Sec 52-b.

## PARTIES

3. Plaintiff Victor Voe is an adult male who lives and works in this judicial district. In order to protect his identity and to avoid further damage to his reputation and livelihood, Plaintiff is using the pseudonym "Victor Voe" in this Complaint.

4. Defendants John Does 1–9 are various persons unknown to Plaintiff who, working individually or collectively, engaged in a scheme to fraudulently obtain and gain unauthorized access to Plaintiff's computer and personal images and later post such images on pornographic websites without Plaintiff's consent.

5. Information provided by third parties has enabled Plaintiff to identify John Doe 1 as Wayne Yamamoto of Waipahu, HI and John Doe 2 as Dylan Yamamoto of Waipahu, HI.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C § 1331, as this is an action pursuant to The Computer Fraud and Abuse Act, 18 U.S.C. § 1030. In addition, upon information and belief, some or all of the Defendants are located outside the State of New York. Therefore, jurisdiction also would be proper under 28 U.S.C. § 1332.

7. The venue in this action is proper within the Eastern District of New York pursuant to 28 U.S.C § 1391(b), in that (i) Plaintiff is a resident of New York; (ii) the claims asserted by Plaintiff arose within this judicial district and (iii) there is no district in which this action may otherwise be brought.

8. Defendants are subject to personal jurisdiction in the State of New York and the federal district court for the Eastern District of New York because they are: (a) engaged in substantial and not isolated activities in New York and this district; (b) committed wrongful and tortious

acts within New York and this district; and (c) caused injury to persons located in New York and this district.

## BACKGROUND FACTS

9.     In or about 2015, Plaintiff used his personal computer to visit various websites for the purpose of meeting women to engage in anonymous, consensual, virtual sexual encounters. These websites, such as <chatroulette[.]com> and <omegle[.]com>, are online chat websites that are used by consenting adults to engage in webcam-based interactions.  These encounters are a modern form of "safe sex" – anonymous, consensual, and conducted entirely through video chat.

10.    During one of these visits, Plaintiff sought to engage in what he assumed was going to be an online sexual encounter with a female user.  In order to increase his privacy and anonymity, Plaintiff asked the female user to move the encounter from the chatroom website to Skype. Skype is a telecommunications platform specializing in video chat over the Internet.

11.    Plaintiff and the other party agreed that their Skype encounter would be private, anonymous, unrecorded, and unphotographed.

12.    During the encounter on Skype, Defendant or Defendants sent Plaintiff a link to a website that was unknown to Plaintiff.  Upon information and belief, that link contained a virus that was used to gain unauthorized access to Plaintiff's computer and to access Plaintiff's computer files, which, among other things, could be used to learn Plaintiff's real identity and other personal information, such as home address, work information, and banking information.

13.    Plaintiff was employed at the time in a position of trust whereby the revelation of compromising videos and images of a sexual nature would be damaging to his employment and professional status.

14. At the conclusion of the encounter, Defendants communicated by chat message to Plaintiff that they had recorded him engaged in the sexual acts over Skype and that they successfully accessed his computer and knew his true identity and home and work information, among other things. Defendants told Plaintiff that they would publicly release their video if Plaintiff did not pay Defendants a ransom.

15. Defendants did not reveal their identity to Plaintiff at any time.

16. Plaintiff immediately closed Skype, ending the conversation, and deleted all information he could think of that may trace back to him, and refused to pay the ransom demand.

17. Defendants made good on their threat and posted Plaintiff's private images and videos on a number of well-known pornographic websites such as Pornhub, iPornTV, and XVideos. These actions started in 2015 and continued until well into August 2020. Defendants also obtained additional private images from Plaintiff's social media profiles, including Facebook and Instagram, and posted them to the "Gay" forum on the pornographic websites referenced above. Plaintiff is not a homosexual.

18. Upon information and belief, Defendants did this to embarrass, shame, and punish Plaintiff for refusing to pay the ransom.

19. Defendants uploaded Plaintiff's intimate content onto Pornhub using the username "JohnBlacki[.]"

20. Information provided by Pornhub as well as by Charter Spectrum has identified the two parties responsible for recording Plaintiff without his permission or consent; attempting to extort him with the captured videos; and then uploading the content on various online forums when Plaintiff did not pay the amount being demanded: Wayne Yamamoto and Dylan Yamamoto of 94-1053 Haleaina Street Waipahu, HI 96797.

21. Plaintiff first learned about Defendants' posting of his private images and videos in August 2020. Plaintiff immediately took action to "wipe" his digital record, forsensically search his personal databases, and to further harden his cybersecurity defenses against Defendants and possibly others. Plaintiff incurred expenses in excess of $5,000 for these defensive actions.

22. Plaintiff's private images and videos likely have been accessed by millions of users of these websites before Plaintiff was able to have them taken down.

## COUNT I:
## VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT, 18 U.S.C. § 1030

23. Plaintiff hereby realleges and incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint.

24. Defendants wrongfully and intentionally, without authority, accessed a protected computer in order to gain access to files showing Plaintiff's identity. With this information, Defendants attempted to extort money from Plaintiff.

25. These actions were unauthorized because Plaintiff's computer files were stolen and used to extort Plaintiff.

26. As a result of Defendants' unauthorized access, Plaintiff was forced to spend at least $5,000 in order to "wipe" his digital record.

27. The actions of Defendants are in violation of the Computer Fraud and Abuse Act of 1986, 18 U.S.C. § 1030 et. seq. (CFAA).

28. Pursuant to 18 U.S.C. § 1030(g), Plaintiff is entitled to injunctive relief, in the form of the return of all recorded files, or other equitable relief, as well as compensatory damages.

29. As a direct and proximate result of Defendants' conduct in violation of the CFAA, Plaintiff has suffered and will continue to suffer damages.

30. Upon information and belief, Defendants' conduct will continue unless enjoined by this Court. Accordingly, Plaintiff is without adequate remedy at law and is threatened with irreparable loss, injury, and damage unless the Court grants the equitable relief requested.

## COUNT II:
## FRAUD

31. Plaintiff hereby realleges and incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint.

32. Defendants knowingly and purposefully represented themselves as being a consenting female adult interested in engaging in an anonymous sexual encounter with Plaintiff over Skype. Defendants told Plaintiff that the encounter would remain anonymous, private, unrecorded, and unphotographed.

33. Plaintiff reasonably relied on these misrepresentations and was induced into engaging in a sexual encounter that was in fact recorded and later used to extort, shame, and punish Plaintiff, causing Plaintiff significant harm and emotional distress.

34. Plaintiff demands judgment against Defendants for money damages in an amount to be determined at trial, but not less than one million dollars.

## COUNT III:
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

35. Plaintiff hereby realleges and incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint.

36. Defendants recorded Plaintiff's sexual encounter without his knowledge or permission and demanded Plaintiff pay a ransom to maintain the confidentiality of this video.

37. Upon information and belief, Defendants also accessed Plaintiff's personal files with the purpose of obtaining Plaintiff's identifying information.

38. Defendants recorded Plaintiff's sexual activities in order to extort Plaintiff to keep the video private, using his position of employment as leverage.

39. When Plaintiff refused to pay the ransom, Defendants published the images and videos of Plaintiff on several prominent pornographic websites.

40. Defendants' retaliatory actions were made in an effort to humiliate Plaintiff and to punish him personally and professionally as a result of his refusal to pay the ransom.

41. In publishing the images and videos of Plaintiff, Defendants knew, or in the exercise of reasonable behavior should have known, that their actions were intolerable in any civilized society.

42. In publishing the images and videos of Plaintiff, Defendants acted intentionally and with knowledge that their punitive actions would cause severe emotional distress to Plaintiff.

43. Defendants' actions have caused and continue to cause Plaintiff severe emotional distress.

### COUNT IV:
### UNLAWFUL DISSEMINATION OR PUBLICATION OF AN INTIMATE IMAGE

44. Plaintiff hereby realleges and incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint.

45. With the intent to harm Plaintiff emotionally and financially, and in violation of New York Civil Rights Law Ch. 5, Sec 52-b, Defendants published images and videos of Plaintiff in retaliation for his refusal to pay the Defendants' ransom demand to keep this wrongfully obtained content confidential.

46. The content in question was sexual in nature and clearly depicted Plaintiff. Defendants' aim was to embarrass, harass, and intimidate Plaintiff by making very public Plaintiff's private virtual sex life.

47. The images and video disseminated were originally distributed or created by Defendants without the consent of Plaintiff, who had a reasonable expectation that his video chat would remain private.

48. At no time did Plaintiff agree to the recording of the encounter or the dissemination of any such recording.

49. Upon information and belief, Defendants knew of and exploited this expectation in an effort to demand Plaintiff pay for the confidentiality of the sex acts that Defendants improperly recorded and threatened to publish.

**WHEREFORE**, Plaintiff demands judgment against Defendants and each of them, jointly and severally, as follows:

    a. Enjoining Defendants from using, possessing, or disseminating any images or other information of Plaintiff and to return all such material to Plaintiff pursuant to The Computer Fraud and Abuse Act, 28 U.S.C § 2201;

    b. Awarding plaintiff damages in an amount to be determined at trial, but not less than $1,000,000;

    c. Punitive damages in the amount of $10,000,000; and

    d. Such other and further relief as the Court deems equitable, just and proper.

**JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury of all issues triable as of right to a jury.

Dated: New York, New York
       January 31, 2024                      Respectfully submitted,

                                             **Daniel Szalkiewicz & Associates, P.C.**

                                             _/s/ Daniel Szalkiewicz_____
                                             By:    Daniel S. Szalkiewicz, Esq.
                                                    Cali P. Madia, Esq.
                                             23 West 73rd Street, Suite 102
                                             New York, NY 10023
                                             Telephone: (212) 706-1007
                                             Facsimile: (646) 849-0033
                                             daniel@lawdss.com
                                             *Attorneys for Plaintiff*