UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

VICTOR VOE,

        Plaintiff,

– against –

JOHN DOES 1–9,

        Defendants.

Case No. 2:20-cv-05737-RER-AYS

**Oral Argument Requested**

# REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Dated: November 11, 2024

*Of Counsel*:
Stephen P. Farrelly, Esq.

Mateo Caballero, Esq.

Ellis George LLP
152 W. 57th Street, 28th Floor
New York, New York 10019
Telephone: (212) 413-2600
Facsimile: (212) 413-2629
Email: sfarrelly@ellisgeorge.com

Caballero Law LLLC
P.O. Box 235052
Honolulu, Hawaiʻi 96823
Telephone: (808) 600-4749
E-mail: mateo@caballero.law

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

I.  ARGUMENT ........................................................................................................... 1

    A.  All of Plaintiff's Claims are Untimely ......................................................... 2

        1.  The CFAA, N.Y. C.R.L., and IIED Claims Were Always Untimely. ........................................................................................... 2

        2.  The FAC does not relate back to the filing of the Complaint ............ 4

            a.  The Complaint did nor fairly appraise the Yamamotos they were the intended defendants. .............................................. 4

            b.  Voe's lack of due diligence ................................................... 5

    B.  The Court Lacks Personal Jurisdiction over Defendants. ............................. 7

        1.  Defendants have not transacted any business within New York. ....... 7

        2.  Defendants do not regularly conduct business in the state or derive substantial revenue from interstate commerce. ................................ 8

        3.  Defendants lack sufficient contacts with New York ......................... 9

    C.  Plaintiff Fails to State a Claim for Fraud or IIED ......................................... 9

    D.  Amendment Would be Futile and Prejudicial ............................................. 10

CONCLUSION .................................................................................................................. 11

## TABLE OF AUTHORITIES

**FEDERAL CASES** **Page(s)**

*Argentina v. Emery World Wide Delivery Corp.*, 167 F.R.D. 359 (E.D.N.Y. 1996)........................6

*Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779
  (2d Cir. 1999)..................................................................................................................8

*Best Van Lines, Inc. v. Walker*, 490 F.3d 239 (2d Cir. 2007) ........................................................7

*BLD Prods., LLC v. Remote Prods., Inc.*, No. 10 Civ. 2625, 2012 WL 13387886
  (S.D.N.Y. Jan. 17, 2012), *aff'd*, 509 F. App'x 81 (2d Cir. 2013).......................................2, 10

*Bymoen v. Herzog, Heine, Geduld, Inc.*, No. 88 Civ. 1796 (KMW),
  1991 WL 95387 (S.D.N.Y. May 28, 1991) ........................................................................2

*Cason v. Valentine*, No. 16-CV-3710, 2023 U.S. Dist. LEXIS 12909
  (E.D.N.Y. Jan. 25, 2023) ...................................................................................................5

*DiStefano v. Carozzi N. Am., Inc.*, 286 F.3d 81 (2d Cir. 2001) ......................................................8

*Grace v. Rosenstock*, 228 F.3d 40 (2d Cir. 2000).......................................................................10

*Henderson v. I.N.S.*, 157 F.3d 106 (2d Cir. 1998) ........................................................................7

*Hogan v. Fischer*, 738 F.3d 509 (2d Cir. 2013)............................................................................4

*JCG v. Ercole*, No. 11-cv-6844, 2014 WL 1630815 (S.D.N.Y. Apr. 24, 2014),
  *rep. and recom'n adopted*, No. 11-cv-6844, 2014 WL 2769120
  (S.D.N.Y. June 18, 2014)..................................................................................................6

*Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50 (2d Cir. 2012).........................7

*MacDermid, Inc. v. Deiter*, 702 F.3d 725 (2d Cir. 2012) .............................................................8

*Minden Pictures, Inc. v. Grupo Televisa, S.A.B.*, No. 23-cv-10310,
  2024 U.S. Dist. LEXIS 113767 (S.D.N.Y. June 27, 2024)..................................................7

*Walden v. Fiore*, 571 U.S. 277 (2014)..........................................................................................9

*Wheeler v. Slanovec*, No. 16-CV-9065, 2019 WL 2994193
  (S.D.N.Y. July 9, 2019) ...................................................................................................10

*Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196 (2d Cir. 2001) ...................................................9

*Williams v. United States*, No. 07-cv-3018, 2010 WL 963474
  (S.D.N.Y. Feb. 25, 2010), *rep. and recomm'n adopted*, No. 07-cv-3018,
  2010 WL 963465 (S.D.N.Y. Mar. 16, 2010) .....................................................................5

# TABLE OF AUTHORITIES
## (continued)

**Page(s)**

*Wilson v. City of New York*, No. 15-cv-07368, 2017 U.S. Dist. LEXIS 52539
  (S.D.N.Y. Apr. 4, 2017), *rep. and recom'n adopted*, No. 15-cv-7368,
  2017 U.S. Dist. LEXIS 94226 (S.D.N.Y. June 19, 2017) ..........6

**STATE CASES**

*Bumpus v. N.Y.C. Transit Auth.*, 66 A.D.3d 26, 2009 NY Slip Op 5737
  (2d Dep't 2009)..........6

*Chanko v. Am. Broad. Cos. Inc.*, 27 N.Y.3d 46 (2016) ..........3

*Dana v. Oak Park Marina, Inc.*, 230 A.D.2d 204 (4th Dep't 1997)..........3

*Goldberg v. Boatmax://, Inc.*, 41 A.D.3d 255 (1st Dep't 2017) ..........5

*Lebowitz v. Fieldston Travel Bureau, Inc.*, 181 A.D.2d 481 (1st Dep't 1992)..........5

*S.R. v. Oliveri*, 74 Misc. 3d 1213(A), 2022 NY Slip Op 50109(U)
  (Sup. Ct. Bronx Cnty. 2022) ..........3

**STATE STATUTES**

N.Y. C.P.L.R. 302(a)(1)..........7

N.Y. C.P.L.R. 306-b ..........6

N.Y. Civ. Rights Law § 52-b(1)(a) ..........3

N.Y. Civ. Rights Law § 52-b(1)(b)..........3

**RULES**

Fed. R. Civ. P. Rule 7 ..........1

Fed. R. Civ. P. Rule 9(b)..........9

Fed. R. Civ. P. Rule 12(b)(2)..........1, 8

Fed. R. Civ. P. Rule 12(b)(6)..........1

Defendants Wayne Yamamoto ("Wayne") and Dylan Yamamoto ("Dylan," and collectively, "Defendants" or the "Yamamotos") submit this reply in support of their motion (the "Motion" or "Mot.") to dismiss Plaintiff Victor Voe's First Amended Complaint (the "FAC" [ECF 17]) pursuant to Fed. R. Civ. P. Rules 7 and 12(b)(2) and (6) with prejudice.

## I.     ARGUMENT

Instead of relying on the FAC to oppose the Motion, Plaintiff's Opposition ("Opp'n") abandons the FAC's most concrete details and relies on factual claims that are nowhere in it. Although the FAC alleges that Defendants "posted Plaintiff's private images and video . . . starting in 2015," FAC ¶ 17, Plaintiff's opposition declares that "Plaintiff's video was first uploaded by Defendants on July 14, 2018." Opp'n at 8. This contradiction is an attempt to escape allegations that show the FAC is untimely on its face. Plaintiff relies on this same contradiction to claim he was not on notice in 2015 because he "could not have discovered [in 2015] videos which had not yet been uploaded." But that is not what the FAC or their proposed Second Amended Complaint ("SAC," Opp'n Ex. 6) alleges. According to the FAC, the videos were uploaded in 2015 and plaintiff was extorted in 2015 when his interlocutor threatened to post the videos. The New York Civil Rights Law (N.Y. C.R.L.) IIED, and CFAA claims are all untimely.

In a similar attempt to rescue the relation back argument, Plaintiff minimizes his delay, gliding over his own admission that he knew Defendants' names and address on March 11, 2022, at the latest, Opp'n at 8, but failed to amend his Complaint until almost two years later, on January 31, 2024. Nonetheless, and despite Plaintiff not having obtained any new discovery since then, he asks the Court for permission to amend a second time. In light of the Motion, he requests permission to delete inconvenient facts that would support a statute of limitations argument and a personal jurisdiction argument, and to add facts that he has known since at least 2020. While no one seeks to minimize Plaintiff's suffering, such gamesmanship should not be permitted.

2481507.4

      A.      **All of Plaintiff's Claims are Untimely**

            1.      **The CFAA, N.Y. C.R.L., and IIED Claims Were Always Untimely.**

The Opposition does not contest, and therefore concedes, that the CFAA claim was untimely when filed. Mot. at 9; Opp'n at 9-10 (not mentioning CFAA claim); *see also* Opp'n at 6 (asking leave to amend to "remove several causes of action," but the SAC does delete any claims).

The claim under the N.Y. C.R.L. § 52-b is also untimely because according to the Complaint, the intimate video was initially posted in 2015 when Voe was also told that the video would be posted. Compl. ¶¶ 13, 16; FAC ¶¶ 14, 17. The Opposition now claims that the video was first disseminated on July 14, 2018, Opp'n at 9, but that is not only contrary to the allegations in the Complaint and FAC, Compl. ¶ 16, FAC ¶ 17, but also appears nowhere in the proposed SAC, which simply does not state when the video was first posted. Opp'n Ex. 5 ¶ 27 (noting deletion). Plaintiff cannot contradict his original allegations in a proposed amendment to rescue his complaint from a statute of limitations defense. *BLD Prods., LLC v. Remote Prods., Inc.*, No. 10 Civ. 2625, 2012 WL 13387886, at *4 (S.D.N.Y. Jan. 17, 2012), *aff'd*, 509 F. App'x 81 (2d Cir. 2013) (denying leave to amend as futile because a plaintiff "cannot defeat [a defendant's] statute of limitations argument by deleting earlier factual assertions and adding contradictory new allegations [in a proposed amended complaint]."); *Bymoen v. Herzog, Heine, Geduld, Inc.*, No. 88 Civ. 1796 (KMW), 1991 WL 95387, at *1 (S.D.N.Y. May 28, 1991) ("where it appears that a plaintiff's purpose in asserting a new claim is his or her anticipation of an adverse ruling on the original claims, the court will deny leave to amend"). Likewise, Plaintiff cannot now rely on a declaration asserting extrinsic facts to defeat a motion to dismiss. *See* Voe Decl. ¶ 16. Voe receiving an anonymous message in 2020 about the video does not negate that he was on notice

years earlier in 2015. FAC ¶¶ 14, 17. Therefore, the § 52-b claim is untimely.[1]

Concerning the IIED claim, as explained in the Motion, the FAC distinguishes between the conduct of the Yamamotos, who allegedly uploaded the recording when Plaintiff refused to pay (FAC ¶ 20), and the "Defendants" as a group of nine, who continued posting through 2020 (FAC ¶ 17), thereby conceding that the Yamamotos' conduct ceased in 2015. Mot. at 10.

That being said, even if the Yamamotos were alleged to have reposted social media images between 2018 and 2020, as Voe now claims, Opp'n at 10, the reposting of social media images, even to PornHub, in of itself does not constitute the type of extreme and outrageous conduct required to maintain an IIED claim under the continuing tort doctrine. Indeed, Plaintiff's own description of these images (photos of Voe on the subway, in a sports jersey, or holding a baked good) show that they are not outrageous. *See* Voe. Decl. ¶ 27(a)-(d); *Dana v. Oak Park Marina, Inc.*, 230 A.D.2d 204, 210-11 (4th Dep't 1997) ("[W]here a plaintiff alleges a continued series of extreme and outrageous acts *each of which would be independently actionable*, the Statute of Limitations does not begin to run until the last actionable act." (emphasis added)). The reposting of social media posts, even if reprehensible, does not meet the "exceedingly high legal standard" under IIED, particularly where Voe admits he was already identifiable from the original video. *Chanko v. Am. Broad. Cos. Inc.*, 27 N.Y.3d 46, 57 (2016) (every single IIED claim considered by the Court of Appeals "has failed because the alleged conduct was not sufficiently outrageous.").

---

[1] The Opposition claims that the "single publication rule" does not apply to claims under § 52-b, but the case cited for such proposition did not hold as much. *S.R. v. Oliveri*, 74 Misc. 3d 1213(A), 2022 NY Slip Op 50109(U), at *2 (Sup. Ct. Bronx Cnty. 2022). Instead, the court in *Oliveri* held that under the circumstances of that case, the rule did not apply because the defendant in that case had initially posted two intimate images in 2012 and later a different intimate video in 2019. *Id.* ("Plaintiff, however, does not allege that the 'two images' that she found online in 2012 were the same as the four videos posted to web sites in 2019."). Here, by contrast, the allegation is that the only intimated content ever posted, whether in 2015 or 2018, was the video of Voe's 2015 anonymous sexual encounter. The images allegedly posted between 2018 and 2020 were not intimate in nature as defined under the statute. N.Y. Civ. Rights Law § 52-b(1)(b) (requiring that the video depict an unclothed or exposed intimate part). The Yamamotos also contest that Voe had a reasonable expectation that the video would remain private since Voe exposed himself anonymously to a random person online. N.Y. Civ. Rights Law § 52-b(1)(a).

### 2. The FAC does not relate back to the filing of the Complaint

The Opposition does not contest and therefore concedes that the FAC does not relate back to the filing of the Complaint under Rule 15(c)(1)(C). Opp'n at 10-17. The FAC does not relate back under Rule 15(c)(1)(A) and CPLR § 1024 either, because (1) the Complaint does not describe the Doe defendants in such form as to fairly apprise the Yamamotos that they were the intended defendants, and (2) Voe did not exercise due diligence in identifying the Yamamotos, amending the complaint, or serving the Yamamotos. *Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013).

### a. The Complaint did nor fairly appraise the Yamamotos they were the intended defendants.

Given the utter absence of any detail about the defendants or the encounter in the FAC, it is impossible for the Yamamotos to have been on notice that they were the intended Defendants. Mot. at 12-15. Moreover, because the Opposition now recants some of the factual allegations made in the FAC, it is impossible for any defendant to know he was the intended target of the complaint. Even the allegations about subsequent re-posting of the video and additional images from social media, which the Opposition touts as somehow sufficient to appraise the Yamamotos about the lawsuit, Opp'n at 17, are vague as they neither describe the video or images with any detail nor specify when such actions took place, the titles used when uploaded, or the name of the account used to upload the images. Compl. ¶ 17 (contrast the lack of description of the images in the FAC ¶ 17 with the description in the Decl. of Victor Voe at ¶ 28.). Consequently, it is not the case that the Complaint could put anyone on notice that they were the intended defendants of such vague and generic allegations, especially where some of them are now claimed to be untrue.

The Opposition argues without citation to any legal authority that the Yamamotos' alleged receipt of some notice from the internet service provider in February 2022, fifteen months after the filing of the original complaint and well past the statute of limitations on all claims, somehow

relieves Plaintiffs from complying with the legal requirements for relation back under CPLR § 1024. That is not so. Even if the notice fairly appraised the Yamamotos about the existence of the lawsuit—and Voe has not produced a copy of said notice, or described its contents—the vague and generic allegations of the Complaint still would not have given the Yamamotos sufficient notice that they were its intended targets. *Goldberg v. Boatmax:///, Inc.*, 41 A.D.3d 255, 256 (1st Dep't 2017) ("[S]ummons and complaint served on one of the intended defendants did not satisfy CPLR 1024 since its allegations did not fairly apprise that individual that he was their target."); *Lebowitz v. Fieldston Travel Bureau, Inc.*, 181 A.D.2d 481, 482 (1st Dep't 1992) (same).

### b. Voe's lack of due diligence.

The Opposition claims Voe was diligent in identifying the Yamamotos before the expiration of the statute of limitations. That is not the case. Even though Voe had actual notice about the interlocutor's intention to publish the intimate video and the video was actually posted "beginning in 2015," Compl. ¶¶ 13, 16, FAC ¶¶ 14, 17, Voe sat on his hands for five years before filing this lawsuit and attempting to identify the interlocutor. *Williams v. United States*, No. 07-cv-3018, 2010 WL 963474, at *13 (S.D.N.Y. Feb. 25, 2010) (*Bivens* claims did not relate back, even taking into account incarceration and *pro se* status, where plaintiff does not exercise "some due diligence in an attempt to identify the Individual Defendants prior to filing the Complaint."), *rep. and recomm'n adopted*, No. 07-cv-3018, 2010 WL 963465 (S.D.N.Y. Mar. 16, 2010).

Additionally, once Voe identified the Yamamotos, Voe waited nearly two years to amend and serve the FAC on the Yamamotos. Such lack of due diligence after the expiration of the statute of limitations is relevant to relation back under CPLR § 1024. *Cason v. Valentine*, No. 16-CV-3710, 2023 U.S. Dist. LEXIS 12909, at *11 (E.D.N.Y. Jan. 25, 2023) ("It is uncontroverted that Plaintiff learned the identity of the John Doe defendants during a deposition taken in December 2017, at which time there was nearly six months remaining of the limitations period. Inexplicably,

Plaintiff then waited nearly two years—allowing the limitations period to expire—before requesting that the caption be amended. In short, Plaintiff appears to have expended no efforts to identify the FPS Officers—either before or after the expiration of the statute of limitations." (footnote call number omitted)); *Wilson v. City of New York*, No. 15-cv-07368, 2017 U.S. Dist. LEXIS 52539, at *12 (S.D.N.Y. Apr. 4, 2017) ("Courts also look at due diligence in moving to amend a complaint once the names of the 'John Smith' defendants are learned."), *rep. and recom'n adopted*, No. 15-cv-7368, 2017 U.S. Dist. LEXIS 94226 (S.D.N.Y. June 19, 2017). Plaintiff's apprehension about moving forward is not a valid excuse for failing to serve the Yamamotos for nearly two years, particularly when Voe was represented by counsel. *JCG v. Ercole*, No. 11-cv-6844, 2014 WL 1630815, at *14-15 (S.D.N.Y. Apr. 24, 2014) (denying application of CPLR § 1024 where pro se plaintiff obtained the names of the intended defendants via a *Valentin* Order response, but waited four months to move to amend), *rep. and recom'n adopted*, No. 11-cv-6844, 2014 WL 2769120 (S.D.N.Y. June 18, 2014).

CPLR Section 306-b, which concerns service of process, not relation back, does not help Voe, because it is a procedural rule inapplicable in federal court. *Argentina v. Emery World Wide Delivery Corp.*, 167 F.R.D. 359, 363 (E.D.N.Y. 1996) (Fed. R. Civ. P. 4, and not CPLR § 306-b, governs the procedure for extending time of service). Additionally, even if it were applicable, CPLR Section 306-b would not help Plaintiff, because Voe did not proactively file a motion for a CPLR § 306-b extension. *Bumpus v. N.Y.C. Transit Auth.*, 66 A.D.3d 26, 35, 2009 NY Slip Op 5737 (2d Dep't 2009) ("Furthermore, if the plaintiff is truly at the mercy of a service extension under CPLR 306-b, which is discretionary on the part of the court, any 'Jane Doe' service problem should be proactively addressed by the filing of a motion for a CPLR 306-b extension." (cleaned up)).

### B. The Court Lacks Personal Jurisdiction over Defendants.

#### 1. Defendants have not transacted any business within New York.

The Opposition claims the Yamamotos transacted business in three ways: (1) the anonymous, on-line conversation with Plaintiff; (2) the recording of the conversation; and (3) the demand for ransom. Opp'n at 19. While the Opposition is correct that the transaction at issue does not have to be commercial in nature, the Opposition does not explain how a random and anonymous encounter on a website qualifies as Defendants <u>purposefully</u> directing their business activities to New York or <u>purposefully</u> availing themselves of the privilege of conducting activities within the state. *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 60 (2d Cir. 2012). Indeed, under the FAC's allegations, Plaintiff went to great lengths to obscure any connection to New York. The Opposition also does not explain what actions or activities took place <u>within the state of New York</u> that have any articulable nexus or substantial relationship to the claims at issue. *Henderson v. I.N.S.*, 157 F.3d 106, 123 (2d Cir. 1998). In other words, the Opposition ignores the relevant legal requirements under C.P.L.R. 302(a)(1).

Even taking into consideration the more recent allegations in the proposed SAC about subsequently posting the video and images online between 2018 and 2020, SAC ¶¶ 22-23, 33-35, those activities are not directed at New York and they do not involve any act or action <u>within the state</u> merely because the pictures depict parts of New York or because Plaintiff presumably was a New York resident at the time. *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 250 (2d Cir. 2007) ("The posting of defamatory material on a website accessible in New York does not, without more, constitute transacting business in New York for the purposes of New York's long-arm statute." (cleaned up)). Instead, those actions allegedly took place in Hawaiʻi, or alternatively, wherever PornHub's servers are located, not New York. *Cf. Minden Pictures, Inc. v. Grupo Televisa, S.A.B.*, No. 23-cv-10310, 2024 U.S. Dist. LEXIS 113767, at *13 (S.D.N.Y. June 27, 2024) ("Courts have

held that in the case of web sites displaying infringing material the tort is deemed to be committed where the web site is created and/or maintained." (internal quotations and citations omitted)).

### 2. Defendants do not regularly conduct business in the state or derive substantial revenue from interstate commerce.

Neither the FAC nor the proposed SAC plausibly allege that the Yamamotos derive substantial income from within New York or from interstate commerce. Instead, the proposed SAC identifies five similar videos out of 23 posted over the span of two years from a PornHub account allegedly used by the Yamamotos, SAC ¶¶ 31-32, Voe Decl. ¶ 6, and concludes on that basis alone that Plaintiffs derive significant revenue from intrastate and international commerce. Opp'n at 21. For purposes of a Rule 12(b)(2) motion, Plaintiff, who could have conducted discovery on the matter, cannot rely on such allegations in light of the Yamamotos' declarations to the contrary. See the November 8, 2024 Declaration of Wayne Yamamoto ¶¶ 2-3; and the November 8, 2024 Declaration of Dylan Yamamoto ¶¶ 2-3, submitted herewith; *MacDermid, Inc. v. Deiter*, 702 F.3d 725, 727 (2d Cir. 2012).

Concerning the situs of the injury, the case cited by Voe—*DiStefano v. Carozzi N. Am., Inc.*, 286 F.3d 81, 84 (2d Cir. 2001)—applies to commercial torts only. *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 792-93 (2d Cir. 1999) ("[W]ith regard to commercial torts, the location of injury should be determined not by finding the 'original event that causes the injury' but on the basis of where 'the critical events associated with the dispute took place.' . . . In the case of fraud or breach of fiduciary duty committed in another state, the critical question is thus where the first effect of the tort was located that ultimately produced the final economic injury"). Here, Voe is not alleging a commercial tort. Plaintiff's fraud claim is a re-purposed IIED claim, in which he alleges that in reliance on Defendants' promise not to record the encounter, he engaged in on-camera sexual activity, which was recorded and posted, and this

caused him "shame" and "significant harm and emotional distress." FAC ¶ 33. Consequently, the focus is on "the location of the original event which caused the injury, not the location where the resultant damages are felt by the plaintiff." *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 209 (2d Cir. 2001). Here, none of the potential transactions identified by the Opposition, the first encounter, the recording, the extortion, or posting of images, took place in New York. Opp. at 19.

### 3. Defendants lack sufficient contacts with New York.

Asserting personal jurisdiction over the Yamamotos would offend due process because they lack sufficient minimum contacts with New York. The Opposition does not identify any "contacts" between the Yamamotos and New York except that (1) Voe is a resident of New York as of the filing of the Complaint and (2) that the pictures allegedly shared by the Yamamotos depict New York. Opp'n at 22. That is plainly not sufficient. *Walden v. Fiore*, 571 U.S. 277, 291 (2014) ("The proper focus of the 'minimum contacts' inquiry in intentional-tort cases is 'the relationship among the defendant, the forum, and the litigation.' And it is the defendant, not the plaintiff or third parties, who must create contacts with the forum State."). As explained *supra*, the Opposition also does not identify any actions expressly aimed or directed at New York. Instead, New York was only incidental to the alleged tortious actions in question. Voe could have been anywhere in the world and the core allegations would be the same.

### C. Plaintiff Fails to State a Claim for Fraud or IIED.

The Opposition does not argue and therefore concedes that Voe does not allege a claim for fraud with the particularity required under Fed. R. Civ. P. Rule 9(b). Concerning the IIED claim, the Opposition also does not contest that the Yamamotos are only identified in a single paragraph of the FAC and that the remaining claims rely on impermissible group pleading. Mot. at 21-22; Opp'n at 23. The proposed SAC, while more detailed, also does not fare any better as they continue to allege that all Defendants took all actions, even though according to the Opposition, the only

connection that they have uncovered for Wayne Yamamoto to this case is that he paid the Charter bill from which the offending Pornhub account was accessed <u>once</u> on August 7, 2020, <u>after the alleged tortious actions had already ended and no further video or images were uploaded</u>. Opp'n at 8, Ex. 3, SAC ¶ 34; Voe Decl. ¶ 6. Under such circumstances, the group allegations are insufficient to state a plausible claim for IIED.

### D. **Amendment Would be Futile and Prejudicial.**

As discussed, the SAC suffers from the same infirmities as the FAC in that it is untimely and does not plausibly allege personal jurisdiction over the Yamamotos. *Grace v. Rosenstock*, 228 F.3d 40, 53 (2d Cir. 2000) ("Amendment would likely be futile if, for example, the claims the plaintiff sought to add would be barred by the applicable statute of limitations.").

Additionally, the proposed SAC "cannot defeat the statute of limitation argument by deleting earlier factual assertions and adding contradictory new allegations" about when the video at issue was initially posted online. *BLD Prods., LLC,* 2012 WL 13387886, at *4; *compare* FAC ¶ 17 *with* SAC ¶ 27. "In cases 'where allegations in an amended pleading directly contradict pleadings in the original complaint, courts have disregarded the amended pleading." *Wheeler v. Slanovec*, No. 16-CV-9065, 2019 WL 2994193, at *6 (S.D.N.Y. July 9, 2019).

As to prejudice, the Opposition simply asserts that there is no prejudice to the Yamamotos, because they somehow have been aware of "the facts from the inception." Opp'n at 24. That is irrelevant. The issue is whether they could have gathered evidence from third parties, preserved their computers, their logins, and accounts to defend themselves against the allegations. Instead, Voe waited five years to bring this lawsuit, over a year to conduct third-party discovery, and another two after identifying the Yamamotos to amend and serve them. Indeed, Voe has not conducted any discovery since March 2022, yet waited over two and a half years to propose filing a somewhat more detailed amended complaint.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that this the Court grant their motion to dismiss with prejudice the First Amended Complaint and deny Voe's motion to amend the pleadings.

Dated: New York, New York
November 11, 2024

                ELLIS GEORGE LLP

                By:    s/Stephen P. Farrelly
                      Stephen P. Farrelly
                Carnegie Hall Tower
                152 West 57th Street, 28th Floor
                New York, New York 10019
                Telephone: (212) 413-2600
                Facsimile: (212) 413-2629
                sfarrelly@ellisgeorge.com

                -and-

                CABALLERO LAW
                Mateo Caballero (*pro hac vice*)
                693 Crockett Ave.
                Campbell, California 95008
                Telephone: (808) 600-4749
                mateo@caballero.law
                *Attorneys for Defendants Wayne Yamamoto*
                *and Dylan Yamamoto*